**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:05-CV-1089-HEA ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Anthony Williams, an inmate at the United States Penitentiary at Leavenworth, Kansas (USP-Leavenworth), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. *See* Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.

### Background

In 1993, movant pled not guilty to one count of kidnaping. Following a jury trial, movant was found guilty and sentenced to life imprisonment. Petitioner states that he appealed his conviction to the Eighth Circuit Court of Appeals. Petitioner indicates that, other than a direct appeal from the judgment of conviction and sentence, he has not previously filed any petitions, applications or motions with respect to this judgment in any federal court. This Court's records also indicate that movant has not filed a prior motion for relief pursuant to 28 U.S.C. § 2255.

### The motion

Construing this *pro se* movant's motion liberally, it appears to the Court that movant challenges his sentence on three grounds. First, he alleges that his conviction and sentence are invalid under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding

that, other than fact of prior conviction, any fact that increases the penalty of a crime beyond a prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). Movant asserts that the court considered, as a sentencing factor, the death of the victim, where the death of the victim was not charged in the indictment, was not submitted to the jury and was not proven beyond a reasonable doubt. Second, movant asserts that he was denied his Sixth Amendment right to effective assistance of counsel where his counsel failed to object to a prejudicial statement made by a government witness, failed to provide him with copies of two police reports, and failed to consult privately with movant. Third, movant asserts ineffective assistance of counsel on appeal. Movant states that he was appointed counsel to pursue his appeal from the Office of the U. S. Public Defender. He maintains that his counsel had a conflict of interest because he is employed by the Public Defender's Office.

**Discussion**

Title 28 U.S.C. § 2255 provides that a one-year period of limitations applies to § 2255 motions. As applied to this case, the motion for relief pursuant to § 2255 is time-barred. The Supreme Court, in *Clay v. U. S.*, 537 U.S. 522, 123 S.Ct. 1072 (2003), considered the question of when a judgment becomes "final" for postconviction relief where a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction but does not petition for a writ of certiorari from the Supreme Court. 537 U.S. at 524, 123 S.Ct. at 1074. The Court rejected the issuance of the appellate court mandate as the triggering date and held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. at 524-25, 123 S.Ct. at 1074. Ordinarily, the time for filing a petition for certiorari expires sixty-nine days after the appellate court issues its mandate affirming

the conviction. *Id*.

As noted above, movant was convicted on November 23, 1993. On June 2, 1994, the Eighth Circuit Court of Appeals, in an unpublished opinion, affirmed both his conviction and his sentence. *U. S. v. Williams*, 26 F.3d 127 (8th Cir. 1994). Movant did not petition for a writ of certiorari from the Supreme Court. Allowing sixty-nine days after the appellate court's affirmation of the conviction and sentence, the judgment of conviction became final on August 10, 1994. Accordingly, movant had until August 10, 1995, in which to file his § 2255 motion. The instant § 2255 motion, however, was not filed until July 13, 2003. It is, therefore, time-barred.

Movant asserts no "extraordinary circumstances" which made it impossible timely to file the habeas action. Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), movant has not asserted any facts indicating that equitable tolling applies in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time).

Movant's reference to *Apprendi* could be construed as asserting that his motion falls under § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Movant's argument would then be that the Supreme Court's decision in *Apprendi* announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his initial § 2255 motion.

This argument, however, is without merit. In *United States v. Moss*, 252 F.3d 993

(8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that *Apprendi* was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice, as time-barred.

An appropriate order shall accompany this memorandum and order.

Dated this <u>8th</u> day of August, 2005.

                                              **UNITED STATES DISTRICT JUDGE**