UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:05-CV-1089-HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration [Doc. #8]. Petitioner moves the Court to reconsider its Memorandum and Order of August 8, 2005, dismissing petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 as time-barred.

Petitioner states that the one-year time limit for filing his petition should be tolled because "extraordinary circumstances" beyond his control made it impossible for him timely to file the petition. Petitioner states that he was in state prison where there were no federal law books available. Thus, according to petitioner, he was unable to work on his appeal until August 13, 2004, when he came under federal jurisdiction.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir.1987). Motions to reconsider cannot be employed to tender new legal theories that could have been raised in the original motion. *Rothwell Cotton*, 827 F.2d at 251 (citation omitted).

Petitioner's motion sets forth no manifest error of law or fact, nor does it present any newly discovered evidence. The circumstances cited by petitioner do not warrant equitable tolling of the statute of limitations. *Curtis v. Kemna*, 22 Fed.Appx. 663, 664 (8th Cir. 2001) ( unpublished opinion on Westlaw). "[A]n inadequate law library is generally not an extraordinary circumstance warranting equitable tolling." *Id.* (citing *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145 (2001) (equitable tolling unwarranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources)). It appears that petitioner failed diligently to pursue his claims and now wants the Court to excuse his lack of diligence when it is well past the eleventh hour. For the foregoing reasons, the Court will deny petitioner's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [Doc. #8] be **DENIED**.

Dated this 24th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**